IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK STEPHEN BALDACCHINO,

        Petitioner,

   v.

EL DORADO COUNTY SUPERIOR COURT
and THE STATE OF CALIFORNIA,

        Respondents.

No. CIV S-07-0893 JCC

ORDER

This matter comes before the Court on Petitioner Mark Stephen Baldacchino's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. No. 1), Respondents' answer (Dkt. No. 11), and Petitioner's reply (Dkt. No. 13). Having carefully considered these papers, the underlying state court record, and the balance of pertinent materials in the case file, the Court has determined that a hearing is not necessary. The Court finds and rules as follows.

**I.    BACKGROUND**

The California Court of Appeal succinctly summarized the lengthy facts underlying Petitioner's convictions as follows. Petitioner "was arrested when he arrived at a crime scene and refused to comply with the orders of sheriff's deputies. He subsequently kicked out a window of a patrol car." *People v. Baldacchino*, No. C046420, 2005 WL 3249943, at *1 (Cal. Ct. App. Dec. 2,

ORDER - 1

2005). On December 23, 2004, a California state jury convicted Petitioner of two misdemeanors, vandalism and obstructing a peace officer, violations of California Penal Code sections 594 and 148, respectively. (Trial Tr. vol. 3, 645:8–25, Dec. 23, 2003 (Dkt. No. 14); Clerk's Tr. at 278–79 (Dkt. No. 14).) On January 26, 2004, the trial court judge ordered that the imposition of sentence be suspended and placed Petitioner on summary probation for a period of three years under the general terms and conditions of probation with the additional special condition that Petitioner be committed to the El Dorado County Jail for a ninety day period.[1] (Trial Tr. vol. 3, 654–56, Jan. 26, 2004 (Dkt. No. 14); Clerk's Tr. at 292–94 (Dkt. No. 14).) Soon thereafter, the court agreed to allow Petitioner to postpone serving his jail time until August 2, 2004, in order to give his attorney an opportunity to appeal his convictions. (Clerk's Tr. 298 (Dkt. No. 14).)

On December 2, 2005, the state court of appeals affirmed Petitioner's convictions, holding, *inter alia*, that, contrary to Petitioner's arguments, both statutes under which Petitioner was convicted were not unconstitutionally vague and overbroad. *Baldacchino*, 2005 WL 3249943, at *6–7. Petitioner petitioned for review with the California Supreme Court (Cal. Sup. Ct. Pet. (Dkt. No. 14)), but the petition was denied on March 15, 2006 (Cal. Sup. Ct. Register (Dkt. No. 14)).[2]

On May 10, 2007, Petitioner, through his attorney, filed the instant petition for writ of habeas corpus, requesting that the Court set aside his convictions for violations of California Penal Code sections 148(a)(1) and 594(a), which he argues are facially unconstitutional. (Pet. 30–31 (Dkt. No. 1).)

---

[1] The Minute Order of January 26, 2004, orders that Petitioner was to surrender himself to the custody of the County Sheriff. (Clerk's Tr. 294 (Dkt. No. 14).)

[2] Petitioner also filed a habeas petition with the state superior court, which was denied. (Cal. Super. Ct. Minute Order, August 10, 2006 (Dkt. No. 13-2).) He then filed a habeas petition with the California Court of Appeal for the Third Appellate District, asserting the same grounds for relief that the appellate court had rejected in his appeal. (Cal. Ct. App. Pet. (Dkt. No. 14).) Accordingly, the court of appeals denied his petition on November 30, 2006. (Cal. Ct. App. Order, Nov. 30, 2006 (Dkt. No. 14).)

## II. DISCUSSION

Before the Court can address the merits of Petitioner's habeas petition, it must resolve two jurisdictional issues, discussed in turn below.

### A. The "In Custody" Requirement

"Typically, federal courts have jurisdiction to consider a habeas petition only if the petitioner is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Fowler v. Sacramento County Sheriff's Dep't*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (*quoting Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (internal quotation and citation omitted)). "A probationary term is sufficient custody to confer [this] jurisdiction." *Id.* (*citing United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988)).

It is not clear to the Court whether Petitioner was still on summary probation by the time he filed the instant habeas petition. His term of three years of summary probation was imposed on January 26, 2004, along with the additional special condition that Petitioner be committed to the El Dorado County Jail for a ninety day period. (Trial Tr. vol. 3, 654–56, Jan. 26, 2004 (Dkt. No. 14); Clerk's Tr. at 292–94 (Dkt. No. 14).) According to the record, the state court agreed to allow Petitioner to postpone serving his jail time until August 2, 2004, in order to give his attorney an opportunity to file an appeal of his convictions. (Clerk's Tr. 298 (Dkt. No. 14).) By the Court's estimation, Petitioner's term of summary probation should have ended in January 2007.[3] Petitioner did not file the instant petition until May 10, 2007.

However, Respondent asserts that it "appears" that Petitioner's term of probation "expired in June of 2007 without further requirement of actual service of any period of physical

---

[3] California Penal Code section 1203a authorized the trial court to "suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years[.]"

ORDER - 3

confinement[.]" (Answer 2 n.1 (Dkt. No. 11).) If Petitioner was in fact on probation until June 2007, then it would appear that he was "in custody" for purposes of habeas jurisdiction in May 2007. Respondent fails to support its assertion that Petitioner's probation ended in June 2007 with citation to the record or otherwise.

The point at which Petitioner's term of probation ended is further obfuscated by Petitioner's Reply, which implies that up through at least December 19, 2007, the date the Reply was filed:

> Petitioner and the undersigned counsel have been making periodic appearances in the El Dorado County Superior Court to keep said court apprised of all developments with respect to Petitioner's appeals and writs of habeas corpus. Once Petitioner's appeals/writs of habeas corpus have been exhausted, and if they are unsuccessful, Petitioner has been ordered to serve, and will serve, 90 days in physical custody as a result of the convictions that the instant petition for a writ of habeas corpus challenges.

(Reply 2 (Dkt. No. 13).) He also asserts that his "sentence has been stayed pending appeal of the convictions," (*id.*), though the ninety-day jail term was apparently not imposed as a "sentence" but rather as a special condition of his probation. Petitioner also fails to cite any evidence in the record to show that he was still on probation and subject to the special condition of confinement in May 2007. The Court cannot adjudicate the merits of Petitioner's habeas claims unless subject matter jurisdiction exists. *See, e.g.*, *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987). Accordingly, the Court requires further briefing on the issue of whether Petitioner was "in custody" for purposes of habeas jurisdiction as of May 10, 2007, before proceeding on the merits.

### B. Failure to Name a Proper Respondent

If subject matter jurisdiction exists, Petitioner must clear another jurisdictional hurdle. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a), 28 foll. U.S.C. § 2254; *Ortiz-Sandoval*

ORDER - 4

*v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Where a petitioner is on probation, the proper respondent is usually his probation officer and the official in charge of the probation agency or state correctional agency. Rule 2, 28 foll. U.S.C. § 2254 advisory committee notes; *Ortiz*, 81 F.3d at 894.

In this case, Petitioner names El Dorado County Superior Court and the State of California as respondents. Although, for the reasons discussed above, it is not clear to the Court that Petitioner was still "in custody" at the time he filed his habeas petition, if he was in custody it was because he was on "summary court probation" and subject to the special condition of his probation that he serve ninety days in the county jail. "Summary court probation" means that Petitioner was on probation to the Court without the supervision of the probation officer. *See* El Dorado County Probation Dep't FAQs, http://www.edcgov.us/probation/faqs.html (last visited Apr. 8, 2009). Therefore, it appears to the Court that he could not properly name a probation officer as his custodian. Although Petitioner has named the El Dorado Superior Court as a respondent, he has not named the particular official in charge of his probation. It is not clear to the Court whether there is such an official in this case.

Rule 2 specifies that "[i]f the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2(b), 28 foll. U.S.C. § 2254. The Advisory Committee Notes following Rule 2

suggest to the Court that a correct respondent in the instant action should be the State Attorney General. Petitioner has not named him in this action.

Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction over the custodian. *See Stanley*, 21 F.3d at 360. However, the State may waive the lack of personal jurisdiction on the custodian's behalf. *See Smith v. Idaho*, 392 F.3d 350, 356 (9th Cir. 2004) ("Because the custodian is the state's agent—and the state is therefore the custodian's principal—the state may waive the lack of personal jurisdiction on the custodian's behalf."). In the State's Notice of Appearance, it asked the Court to name the Attorney General of the State of California as the sole respondent and to dismiss the El Dorado Superior Court and the State of California. (Dkt. No. 8.) Only the State Attorney General filed an Answer addressing the merits of the petition. (Dkt. No. 11.)[4] Under these circumstances, the Court considers Petitioner's failure to name a correct respondent a personal jurisdictional defect that has been waived by the State. Therefore, if Petitioner was "in custody" for habeas purposes, the Court may order that the State Attorney General be joined as the proper respondent. *See* Rule 2, 28 foll. U.S.C. § 2254 advisory committee notes ("the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice."). The Court requires Petitioner to clarify whether any other proper respondents should be joined in the interests of justice, such as any officials in charge of his probation, and to show cause why the El Dorado Superior Court and the State of California should not be dismissed from this action as improper respondents.

---

[4] In the Answer, the Attorney General contends that, in fact, there is no proper respondent because Petitioner was never in physical custody and therefore has no custodian. (Answer 2 n.1 (Dkt. No. 11).) As discussed above, however, physical incarceration is not required for habeas jurisdiction to exist. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) ("a petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation").

### III. CONCLUSION

For the foregoing reasons, Petitioner is ORDERED to file a brief, not to exceed six pages, on the issue of whether Petitioner was "in custody" for the purposes of habeas jurisdiction at the time he filed his petition. Petitioner is encouraged to attach any pertinent exhibits showing when his term of probation, and the special condition that he serve jail time, expired. In addition, Petitioner is ORDERED to address whether the El Dorado Superior Court and the State of California should be dismissed as improper respondents and whether a proper respondent in addition to the State Attorney General is ascertainable. Petitioner's brief will be due 30 days from the date of this order. The Attorney General will be permitted twenty days from the date of service of Petitioner's brief in which to file any additional response brief, also limited to six pages.

DATED this 10th day of April, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE