1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

| | |
|---|---|
| MARK STEPHEN BALDACCHINO,<br><br>                        Petitioner,<br><br>        v.<br><br>EL DORADO COUNTY SUPERIOR COURT<br>and THE STATE OF CALIFORNIA,<br><br>                        Respondents. | No. CIV S-07-0893 JCC<br><br><br>ORDER |

13

14

15

16

17

18

19

20

        This matter comes before the Court on Petitioner Mark Stephen Baldacchino's 28 U.S.C.

§ 2254 petition for writ of habeas corpus (Dkt. No. 1), Respondents' answer (Dkt. No. 11), and

Petitioner's reply (Dkt. No. 13), as well as the additional briefing requested by the Court on April

10, 2009, including Petitioner's Memorandum (Dkt. No. 18) and Respondent's Brief (Dkt. No.

20). Having carefully considered these papers, the underlying state court record, and the balance of

pertinent materials in the case file, the Court has determined that a hearing is not necessary. The

Court finds and rules as follows.

21

**I.      BACKGROUND**

22

23

        As recounted in the Court's previous order of April 10, 2009, the California Court of

Appeal succinctly summarized the lengthy facts underlying Petitioner's convictions as follows.

ORDER - 1

Petitioner "was arrested when he arrived at a crime scene and refused to comply with the orders of sheriff's deputies. He subsequently kicked out a window of a patrol car." *People v. Baldacchino*, No. C046420, 2005 WL 3249943, at *1 (Cal. Ct. App. Dec. 2, 2005). On December 23, 2003, a California state jury convicted Petitioner of two misdemeanors, vandalism and obstructing a peace officer, violations of California Penal Code sections 594 and 148, respectively. (Trial Tr. vol. 3, 645:8–25, Dec. 23, 2003 (Dkt. No. 14); Clerk's Tr. 278–79 (Dkt. No. 14).) On January 26, 2004, the trial court judge ordered that the imposition of sentence be suspended and placed Petitioner on summary probation for a period of three years under the general terms and conditions of probation with the additional special condition that Petitioner be committed to the El Dorado County Jail for a ninety day period.[1] (Trial Tr. vol. 3, 654–56, Jan. 26, 2004 (Dkt. No. 14); Clerk's Tr. 292–94 (Dkt. No. 14).) Soon thereafter, the court agreed to allow Petitioner to postpone serving his jail time until August 2, 2004, in order to give his attorney an opportunity to appeal his convictions. (Clerk's Tr. 298 (Dkt. No. 14).)

On December 2, 2005, the state court of appeals affirmed Petitioner's convictions, holding, *inter alia*, that, contrary to Petitioner's arguments, both statutes under which Petitioner was convicted were not unconstitutionally vague and/or overbroad. *Baldacchino*, 2005 WL 3249943, at *6–7. Petitioner petitioned for review with the California Supreme Court (Cal. Sup. Ct. Pet. (Dkt. No. 14)), but the petition was denied on March 15, 2006 (Cal. Sup. Ct. Register (Dkt. No. 14)).[2]

---

[1] The Minute Order of January 26, 2004, orders that Petitioner was to surrender himself to the custody of the County Sheriff. (Clerk's Tr. 294 (Dkt. No. 14).)

[2] Petitioner also filed a habeas petition with the state superior court, which was denied. (Cal. Super. Ct. Minute Order, August 10, 2006 (Dkt. No. 13-2).) He then filed a habeas petition with the California Court of Appeal for the Third Appellate District, asserting the same grounds for relief that the appellate court had rejected in his appeal. (Cal. Ct. App. Pet. (Dkt. No. 14).) Accordingly, the court of appeals denied his petition on November 30, 2006. (Cal. Ct. App. Order, Nov. 30, 2006 (Dkt. No. 14).)

ORDER - 2

On May 10, 2007, Petitioner, through his attorney, filed the instant petition for writ of habeas corpus, requesting that the Court set aside his convictions for violations of California Penal Code sections 148(a)(1) and 594(a), which he argues are facially unconstitutional. (Pet. 30–31 (Dkt. No. 1).)

This case was transferred to the undersigned on January 22, 2009. Thereafter, the Court issued an order requesting additional briefing on two jurisdictional issues. First, the Court directed Petitioner to clarify whether he was "in custody" for the purposes of habeas jurisdiction at the time he filed his petition. Second, the Court requested clarification as to the proper respondents. The parties have now filed briefs in response to the Court's order, and these jurisdictional issues are ready for the Court's review.

## II.    DISCUSSION

### A.  The "In Custody" Requirement

"Typically, federal courts have jurisdiction to consider a habeas petition only if the petitioner is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Fowler v. Sacramento County Sheriff's Dep't*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (*quoting Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (internal quotation and citation omitted)); *see also* 28 U.S.C. § 2254(a) (providing that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). "A probationary term is sufficient custody to confer [this] jurisdiction." *Fowler*, 421 F.3d at 1033 n.5 (*citing United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988)). The Ninth Circuit has explained that "[a] petitioner on parole, for example, is 'in custody' within the meaning of section 2254, because the parole restrictions 'significantly restrain

ORDER - 3

1    petitioner's liberty to do those things which in this country free men are entitled to do.'" *Dow v.*

2    *Circuit Court of First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (*quoting Jones v. Cunningham*,

3    371 U.S. 236, 239–40 (1963)). However, "[i]t is well established that 'once the sentence imposed

4    for a conviction has completely expired, the collateral consequences of the conviction are *not*

5    *themselves sufficient to render an individual "in custody" for the purposes of a habeas attack*

6    *upon it*.'" *Resindiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) (*quoting Maleng*, 490 U.S. at

7    492).)

8        Petitioner has not disputed that his summary court probation ended in January 2007, well

9    before Petitioner filed the instant habeas petition on May 10, 2007. (*See* Resp. 2 (Dkt. No. 18).) If

10   his probation expired in January 2007, then so did the requirement that Petitioner serve a ninety-

11   day jail term as a special condition of his probation.[3] Accordingly, it would appear that Petitioner

12   was not "in custody" at the time of filing, and therefore, this Court lacks subject matter jurisdiction

13   over his habeas petition. *See Maleng*, 490 U.S. at 490–92 ("We have never held . . . that a habeas

14   petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction

15   has *fully expired* at the time his petition is filed.").

16        Petitioner argues that even if his probation had fully expired, he was nevertheless "in

17   custody" as of May 10, 2007, because he was required to appear in person in the state court on

18   May 11, 2007, for a hearing to "inform the trial court of the status of [Petitioner's] appeals and

19   writs of habeas corpus", and if he had failed to appear, a bench warrant would have been issued for

20   his arrest. (Pet'r's Mem. 3 (Dkt. No. 18).) He also argues that, although the state court waived his

21

22   ───────────────

    [3] Subsequent to this Court's order requesting additional briefing, Petitioner filed a motion in the trial court seeking clarification of the custody issue. (Zal Decl. ¶ 3 (Dkt. No. 19 at 2).) Petitioner has submitted an order of the state court announcing that Petitioner is not obligated to serve the ninety-day sentence in custody because his probationary term

23   ended. (5/6/09 Order (Dkt. No. 19-2).)

ORDER - 4

physical presence at future status hearings after May 11, 2007, his attorney was and still is required to attend these hearings. (*Id.*) He asserts that there is a future status hearing scheduled for October 16, 2009, at which his attorney must appear. (*Id.* at 4.)

The Court is somewhat perplexed as to the purpose of these continued hearings. The state court expressly ordered that Petitioner is no longer on probation and will not be required to serve the ninety-day jail term because his probation ended. (5/6/09 Order (Dkt. No. 19-2).) Therefore, the hearings do not seem to be related to the probation imposed in the underlying convictions in this case. In any event, the Court is not persuaded that Petitioner's obligation to appear in court on May 11, 2007, months after his probation had fully expired (and the condition that he serve jail time evaporated) constitutes "the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999).

This case is distinguishable from other cases in which petitioners who were not subject to physical incarceration at the time of filing were nonetheless found to be "in custody" for the purposes of habeas jurisdiction. For example, this case is unlike *Dow v. Circuit Court of First Circuit*, in which a petitioner's *sentence* of mandatory *fourteen-hour* attendance at an alcohol rehabilitation program was sufficient to constitute a restraint on physical liberty. 995 F.2d at 922. Not only is one short status hearing much less an imposition on physical liberty than fourteen hours of mandatory class attendance, but also in this case, unlike in *Dow*, the obligation at issue was apparently not imposed as part of Petitioner's sentence or probation. Rather, Petitioner's duty to appear in court would seem to stem from the mere fact that he filed numerous appeals and habeas petitions about which, for whatever reason, the state court required updates. (Pet'r's Mem. 3 (Dkt. No. 18).) In addition, this does not appear to be a case akin to one where a petitioner is free

ORDER - 5

on his own recognizance pending execution of sentence. *See Einaugler v. Dowling*, 862 F. Supp.
793, 795 (E.D.N.Y. 1994) (finding that such a petitioner was in custody for habeas purposes).
Apparently, after January 2007, there was no remaining probationary term to be executed.

Petitioner has not demonstrated that his obligation to appear in court on May 11, 2007,
made him any different than any other free person with a duty to appear in court pursuant to any
other court order, such as a subpoena. By May 10, 2007, the day this petition was filed, Petitioner
appears to have been free from all restraints imposed upon him as a consequence of his
convictions. Further, the fact that a bench warrant could have ensued if Petitioner failed to appear
in court is not dispositive, as "the mere potential for future incarceration, without any present
restraint on liberty, [cannot] satisfy the 'in custody' requirement." *Williamson v. Gregoire*, 151
F.3d 1180, 1184 (9th Cir. 1998).

The Court concludes that it must dismiss this action for lack of subject matter jurisdiction.
*See, e.g.*, *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (instructing that where a
district court lacked subject matter jurisdiction to entertain a habeas petition, it was required to
dismiss the action).

**B.  Failure to Name a Proper Respondent**

The Court previously instructed that if subject matter jurisdiction existed, Petitioner would
then be required to clear another jurisdictional hurdle—that of naming a proper respondent.
(4/10/09 Order 4 (Dkt. No. 17).) Because the Court finds that subject matter is lacking, it need not
address this issue.

*//*

*//*

*//*

ORDER - 6

1    **III.    CONCLUSION**

2            For the foregoing reasons, Petitioner Mark Stephen Baldacchino's 28 U.S.C. § 2254

3    petition for writ of habeas corpus (Dkt. No. 1) is DISMISSED for lack of subject matter

4    jurisdiction.

5            DATED this 2nd day of July, 2009.

6

7

8                                        _____
                                         John C. Coughenour
9                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 7